MEMORANDUM *
This dispute arises from the district court’s decision enforcing the rights of *32 Global Eventmaker (“Global”) to two large sculptures (“the monuments”) against the American Monument Foundation (“AMF”). AMF purchased the monuments from Jeffory Fairbrother (“Fairbrother”) in February of 2002, but failed to fulfill its obligations under the contracts. Fairbrother subsequently assigned his rights to the monuments to Global, which initiated the present action against AMF.
AMF argues that it was fraudulently induced into the AMF-Fairbrother purchase agreements through Fairbrother’s representations regarding potential buyers. We hold that the district court properly upheld the contract, notwithstanding AMF’s objection. The AMF-Fairbrother purchase agreements include the following language: “[n]o representations or warranties ... have been made by any party to the other party to induce the making of this agreement except as specifically set out in this agreement.” The agreements, which were drafted by AMF, do not include any reference to potential buyers. Further, the district court found that AMF’s internal documents reaffirmed the company’s contractual obligations to Fair-brother as late as May of 2006. This finding is supported by the record. The district court therefore properly upheld the AMF-Fairbrother purchase agreements.
AMF challenges the validity of the Fairbrother-Global assignment on fraudulent transfer grounds. Nevada’s fraudulent transfer provision provides a cause of action to a “creditor” against a debtor who transfers property in violation of NRS 112.180. See NRS 112.210. A creditor is defined as “a person who has a claim,” which is in turn defined as “a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.” NRS 112.150(3)—(4). The district court determined that AMF does not have “a right to payment” against Fairbrother or Global on the facts of this case. We now affirm that finding. Because AMF is not a creditor of either party to the assignment, it cannot avail itself of Nevada’s fraudulent transfer provision.
AFFIRMED. *33 nesses, that she improperly interpreted the government’s burden of proof, and that she wanted to be removed from the jury because she no longer wished to explain her views to the other jurors.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.